# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL ALATORRE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL ADAMS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00642-REC-SMS-P<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EXCESSIVE FORCE CLAIM<br><br>(Doc. 1) |

I.　Screening Order

　　A.　Screening Requirement

Plaintiff Joel Alatorre ("Plaintiff") is a state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and California tort law. Plaintiff filed this action on May 17, 2005.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      B.     Summary of Plaintiff's Complaint

Plaintiff is presently incarcerated at California State Prison-Corcoran.  The events at issue in this action allegedly took place at the California Substance Abuse Treatment Facility and State Prison-Corcoran.  This is an action for money damages.  Plaintiff names Warden Derral Adams, Correctional Sergeant Curtiss, and Correctional Officers Rivera, Barba, Astorga, Rodriguez, Jimenez, Cavillo, Doe I, and Doe II as defendants.

In his complaint, Plaintiff alleges that on September 10, 2003, an alarm sounded on the yard and the inmates were ordered to lie down.  When Plaintiff got down on the ground, he found himself on a nest of mosquitos.  Plaintiff got up to move away from the mosquitos, and Defendant Rivera punched him in the face until he lost consciousness.  When Plaintiff awoke, he was handcuffed on the ground.  Defendants Barba and Rivera continued punching Plaintiff in the head and torso.

After Plaintiff was removed from the yard and photographed in the medical clinic, he was transferred to a holding cage.  Prior to being placed in the holding cage, Defendants Astorga and Doe I shoved him into a wall, and Astorga kicked him in the ankle and twisted his ear.  Later that day, Plaintiff was transferred to a medical holding cage for evaluation.  Prior to evaluation, Plaintiff was removed from the cage and "brutally assaulted" by Defendants Curtiss, Astorga, Doe I, and Doe II. Plaintiff was then taken back to the program office without evaluation.  After being removed from the medical clinic, Defendants Astorga, Doe I, and Doe II knocked Plaintiff unconscious by propelling him head first into a wall.

After being transferred to administrative segregation, Defendants Rodriguez and Jimenez repeatedly punched Plaintiff in the face and head while Plaintiff was held by Defendant Cavillo. Approximately ten to fifteen minutes later, Defendant Rodriguez returned and repeatedly punched and kicked him while Defendant Cavillo stood outside the door. Plaintiff alleges that he was rendered unconscious for a third time.

Plaintiff alleges that he wears prescription glasses, which were knocked off and damaged in the first incident on the yard. On October 9, 2003, Plaintiff was seen by an optometrist. Following the examination, Dr. Kumar issued Plaintiff an Inmate Disability Verification form due to his vision loss. Plaintiff alleges that as a result of the beatings, his vision loss is permanent.

Plaintiff alleges that since the incident on September 10, 2003, he has been subject to harassment and intimidation, and that on February 25, 2004, Defendant Rodriguez repeated struck him in the decontamination shower. Plaintiff alleges he sustained a laceration to his cheek which required stitches, his face swelled such that he could not open or close his mouth, and he experienced nausea and vomiting.

Plaintiff alleges that Defendant Warden Adams was aware prior to September 10, 2003, that Plaintiff and other inmates would be beaten by correctional officers, and was aware after September 10, 2003, that Plaintiff had been beaten by correctional officers.

C.   Plaintiff's Claims

   1.   Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

3

in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff alleges a myriad of claims for relief under section 1983. As set forth below, Plaintiff's allegations give rise to a cognizable excessive force claim, but do not give rise to any other claims under section 1983.

### a.   Excessive Force Claim

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id. The malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff's allegations are sufficient to give rise to an excessive force claim against all of the named defendants. Fed. R. Civ. P. 8(a).

### b.   Fourth Amendment Seizure Claim

Plaintiff alleges a claim for relief under the Fourth Amendment. Because Plaintiff is a convicted prisoner, the Eighth Amendment rather than the Fourth Amendment protects Plaintiff from the use of excessive force. See Graham v. Connor, 490 U.S. 386, 394 (1989) (Fourth and Eighth Amendment "primary sources of constitutional protection against physically abusive governmental

conduct"). To the extent that Plaintiff is attempting to pursue his excessive force claim under both the Fourth and Eighth Amendments, Plaintiff may not do so, and Plaintiff has not alleged any facts that give rise to a Fourth Amendment claim on other grounds.

          c.      Medical Care

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Although Plaintiff alleges an Eighth Amendment medical care claim, Plaintiff has not alleged any

///

facts that support a claim that the named defendants acted with deliberate indifference to his medical needs.

d. Due Process Claim

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the substantive component of the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claim.

With respect to procedural due process, Plaintiff has not alleged any facts that support a claim that he was deprived of a protected liberty or property interest without due process of law.

e. Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

1  Although Plaintiff alleges an equal protection claim, Plaintiff has not alleged any facts that give rise to such a claim.

### f. Denial of Access to the Courts Claim

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id. An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id. at 351.

Although Plaintiff alleges a claim for relief based on denial of access to the courts, Plaintiff has not alleged any facts that give rise to a claim under this theory.

### g. Conspiracy Claim

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Here, however, Plaintiff has not alleged any facts supporting the existence of a conspiracy between Defendants. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under section 1983 for conspiracy.

### 2. Section 1985

Plaintiff alleges a claim for relief under 42 U.S.C. § 1985, which proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), Plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

///

In interpreting these standards, the Ninth Circuit has held that a claim under section 1985 must allege specific facts to support the allegation that the defendants conspired together. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under section 1985. <u>Id</u>.; <u>Sanchez v. City of Santa Anna</u>, 936 F.2d 1027, 1039 (9th Cir. 1991).

Plaintiff has not allege any facts supporting a claim for relief under this section. Although Plaintiff sets forth numerous allegations with respect to this claim, the allegations consist largely of legalese and legal conclusions. The claim is not supported by specific facts indicating that Defendants conspired to deprive Plaintiff of his right to equal protection.

    3.  <u>State Law Claims</u>

Plaintiff alleges claims for relief under California law for (1) assault and battery, (2) intentional infliction of emotional distress, and (3) negligent hiring, supervision, and retention. However, Plaintiff's complaint does not contain an allegation that Plaintiff complied with the California Tort Claims Act, which requires that tort claims against a public entities or its employees be presented to the State Board of Control no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 945.4, 950-950.6. To state a tort claim against a public employee, Plaintiff must allege compliance with the Tort Claims Act. <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing <u>Snipes v. City of Bakersfield</u>, 145 Cal.App.3d 861, 193 CalRptr. 760, 762 (Cal.App. 1983)); <u>McQuoid v. Rubin</u>, No. S-97-0325 MLS PAN, 1997 WL 1037884, *4 (E.D. Cal. 1997). Because Plaintiff has not done so, his state law tort claims are not cognizable.

  D. <u>Conclusion</u>

Plaintiff's complaint contains a cognizable claim for relief under section 1983 against Defendants Adams, Rivera, Barba, Astorga, Rodriguez, Jimenez, Cavillo, Doe I, and Doe II for use of excessive physical force, in violation of the Eighth Amendment. However, Plaintiff's complaint does not contain any other claims for relief. The Court will provide Plaintiff with the opportunity to file an amended complaint, if Plaintiff wishes to do so.

///

If Plaintiff does not wish to file an amended complaint and wishes to proceed against Defendants on his excessive force claim only, Plaintiff may so notify the court in writing. The Court will then issue Findings and Recommendations recommending that the remaining claims be dismissed from this action, and will provide Plaintiff with instructions on service of process.

In the event that Plaintiff does wish to amend his complaint, Plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only on his excessive force claim; and

///
///
///
///

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   February 22, 2006**                         /s/ Sandra M. Snyder
icido3                                              UNITED STATES MAGISTRATE JUDGE