# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL ALATORRE,<br><br>             Plaintiff,<br><br>   v.<br><br>DERRAL ADAMS, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:05-CV-00642-REC-SMS-P<br><br>ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE, AND DIRECTING PLAINTIFF TO EFFECT SERVICE WITHIN ONE-HUNDRED TWENTY DAYS<br><br>(Doc. 1) |

I.    <u>Order Directing Plaintiff to Initiate Service of Process</u>

       Plaintiff Joel Alatorre ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 17, 2005. The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that Plaintiff's complaint states a cognizable claim for relief under section 1983 against Defendants Adams, Rivera, Barba, Astorga, Rodriguez, Jimenez, Cavillo, Doe I, and Doe II ("Defendants") for use of excessive physical force, in violation of the Eighth Amendment.[1]

       Plaintiff paid the filing fee in full for initiating this action. Because Plaintiff is not proceeding in forma pauperis, it is Plaintiff's responsibility to effect service of the summons and complaint on Defendants Adams, Rivera, Barba, Astorga, Rodriguez, Jimenez, Cavillo, Doe I, and

///

---

[1] In a Findings and Recommendations issued concurrently with this order, the Court recommended that Plaintiff's Fourth Amendment claim, Eighth Amendment medical care claim, due process claim(s), equal protection claim, denial of access to the courts claim, conspiracy claim, section 1985 claim, and state law tort claims be dismissed from this action for failure to state a claim upon which relief may be granted.

1

Doe II. The Clerk of the Court will be directed to issue seven summonses to Plaintiff for the purpose of service of process.² Fed. R. Civ. P. 4.

Plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4 within one-hundred twenty (120) days from the date of service of this order. Plaintiff shall serve a copy of this order on each defendant together with a copy of the summons and complaint. The following two sections contain instructions on how to serve Defendants.

### A. <u>Waiver of Service</u>

Pursuant to Rule 4(d)(2), Plaintiff may (but is not required to) notify Defendants Adams, Rivera, Barba, Astorga, Rodriguez, Jimenez, and Cavillo of the commencement of this action and request that they waive service of the summons. Fed. R. Civ. P. 4(d)(2). If Plaintiff wishes to do this, he must mail each defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," and (3) a copy of the complaint. The documents must be addressed directly to each defendant (<u>not the Attorney General's Office</u>) and must be dispatched (mailed) through first-class mail. The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each defendant at least thirty (30) days in which to return the waiver to Plaintiff. If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the forms with the Court. After filing the forms with the Court, Plaintiff need not take any further steps to serve Defendants. Fed. R. Civ. P. 4(d)(4).

### B. <u>Personal Service</u>

If either (1) Plaintiff does not wish to request Defendants to waive service <u>or</u> (2) one or more of the defendants fail to return the Waiver of Service of Summons form to Plaintiff, Plaintiff must have personal service effected on Defendants. Each defendant must be personally served with a summons and copy of the complaint, along with a copy of this order. <u>Plaintiff may not effect personal service himself</u>. Fed. R. Civ. P. 4(c). <u>Service may be effected by any person who is not a party to this action and who is at least eighteen years old</u>. Id. The Court will provide Plaintiff with

///

---

² Service of process cannot be effected on Doe defendants. In the event that Plaintiff ascertains the identities of Doe I and Doe II, Plaintiff shall notify the Court.

a copy of Rule 4 along with this order. Plaintiff should review Rule 4(e)(2), which addresses how personal service may be effected.

C.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue and send Plaintiff seven (7) summonses.
2. The Clerk is further directed to send Plaintiff:
   a) One (1) copy of the complaint filed May 171, 2005;
   b) One (1) copy of the form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons;"
   c) One (1) copy of the form entitled "Waiver of Service;"
   d) One (1) copy of the form entitled "Consent to Proceed Before United States Magistrate Judge" with instructions; and
   e) One (1) copy of Rule 4 of the Federal Rules of Civil Procedure
3. Plaintiff shall complete service of process on Defendants Adams, Rivera, Barba, Astorga, Rodriguez, Jimenez, and Cavillo within **one-hundred twenty (120) days** from the date of service of this order. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on Defendants at the time of service of the summons and complaint.
4. Plaintiff's failure to timely complete service of the complaint on Defendants Adams, Rivera, Barba, Astorga, Rodriguez, Jimenez, and Cavillo may result in dismissal of this action. Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

**Dated:   March 30, 2006**                   **/s/ Sandra M. Snyder**
icido3                                         UNITED STATES MAGISTRATE JUDGE

3