# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL ALATORRE,<br><br>        Plaintiff,<br><br>   v.<br><br>DERRAL ADAMS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-CV-00642-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EFFECT SERVICE WITHIN ONE-HUNDRED TWENTY DAYS (Doc. 8)<br><br>OBJECTION DUE WITHIN TWENTY DAYS |

      Plaintiff Joel Alatorre ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and California tort law. Plaintiff filed this action on May 17, 2005. On March 31, 2006, the Court issued an order requiring Plaintiff to effect service of summonses and the complaint on Defendants Adams, Rivera, Barba, Astorga, Rodriguez, Jimenez, and Cavillo within one-hundred twenty days. More than one-hundred twenty days have passed. There is no evidence in the record demonstrating that Plaintiff effected service on Defendants.

      Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

      Pursuant to Rule 4(m), the Court directed Plaintiff to effect service within a specified time. On August 15, 2006, the Court provided Plaintiff with the opportunity to show good cause, within

twenty days, why this action should not be dismissed for failure to effect service of process on Defendants, and warned that dismissal of this action, without prejudice, would result if plaintiff either failed to respond to the order or responded to the order but failed to show good cause. Plaintiff did not file a response to the order to show cause.[1]  Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), it is HEREBY RECOMMENDED that this action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 22, 2006**              **/s/ Sandra M. Snyder**
i0d3h8                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The United States Postal Service returned the order on September 5, 2006, as undeliverable.  A notation on the envelope indicates the address was insufficient to locate plaintiff.  The court verified the order was mailed to plaintiff at his address of record with the court and that the CDC identification number on the order matched court records.  The name and address on the envelope were not incomplete or incorrect, and Plaintiff has not notified the court of any change in his address.  Absent such notice, service at a party's prior address is fully effective.  Local Rule 83-182(f).